UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 69.124.83.109,

                Defendant.
---------------------------------------------------------------X

Case No. 2:20-cv-03399-SJF-SIL

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 55, hereby files its Motion for Default Judgment ("Motion") against Defendant, Masroor Hasan ("Defendant"), and in support thereof, states:

1. This is a case for copyright infringement arising under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

3. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over defendant because (i) Defendant committed the tortious conduct in this State, (ii) Defendant resides in this State, and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

4. Indeed, Defendant resides in the State of New York and specifically, at 46 Stuart Drive, Syosset, NY 11791.

5. On July 28, 2020, Plaintiff filed its Redacted Complaint in this action.

6. On October 2, 2020, Plaintiff filed its Unredacted Complaint under seal.

7. Service of summons and Complaint was obtained as follows:

| Defendant | Date of Service | Type of Service |
|---|---|---|
| Masroor Hasan | October 21, 2020 | Substitution |

8. Defendant has failed to plead or otherwise defend himself against Plaintiff's Complaint.

9. A Clerk's Certificate of Default was issued as to Defendant Masroor Hasan on February 23, 2021. *See* Clerk's Default attached hereto as Exhibit "A."

10. Upon information and belief, Defendant is not a minor, incompetent person, or in active duty in the U.S. Military. *See* Decl. of Jacqueline M. James, attached hereto as Exhibit "B."

11. This Motion is based on the allegations in Plaintiff's Complaint. By defaulting, Defendant admitted the truth of the allegations of the Complaint. *See, e.g., Sony Music Entm't Inc. v. Elias*, 2004 WL 141959, at *3 (C.D. Cal. 2004) (action against user of on-line media distribution system; "[s]ince this Court has found that Defendant is in default, the factual allegations in Plaintiffs' complaint are deemed admitted."); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("[A] default is an admission of all well-pleaded allegations against the defaulting party."); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be

calculated.") (internal quotation marks and citation omitted); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); *Song Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (in copyright infringement case, default establishes liability).

12. Still, a Court is "required to determine whether the [Plaintiff's] allegations establish [Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

13. Plaintiff's allegations in the Complaint support its copyright infringement claims. It is well-settled that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991). Plaintiff's Complaint alleges that it has registered or has completed registrations pending before the Copyright Office in all Works in this litigation. *See* Plaintiff's Complaint attached hereto as Exhibit "C." Defendant admitted this allegation by failing to plead or otherwise defend against Plaintiff's Complaint. Plaintiff, therefore, has met the first element.

14. Plaintiff additionally alleged, that Defendant willfully copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol. *See* Exhibit C. These allegations, supported by Plaintiff's experts, are taken as true where Defendant has failed to respond to them.

15. Additionally, in other cases where the plaintiff made similar allegations as the instant Plaintiff, Courts accepted similar claims in default judgment actions and held that the rightsholder had made its prima facie case for copyright infringement over the BitTorrent network. *See Malibu Media, LLC v. Ofiesh*, No. 116CV202FJSDEP, 2017 WL 2633526, at *2

(N.D.N.Y. June 19, 2017); *LHF Productions, Inc., v. Shanika Belgrace & Paula Newman*, No. 16-CV-2114 (ARR)(PK), 2017 WL 9250295, at *2 (E.D.N.Y. Dec. 11, 2017).

16. Further, Courts have held that using file-sharing software and protocols, such as BitTorrent, to download copyrighted works and reproduce, distribute, display or perform them without permission of the copyright holder constitutes copyright infringement. *See, e.g., Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 489-96, 497-501 (1st Cir. 2011) (finding copyright infringement where file-sharing software was used to download and distribute media); *Donkeyball Movie, LLC v. Does 1-171*, 2011 WL 1807452, *1-4 (D.D.C. 2011) (upholding expedited discovery of the nature used in this case where defendants used the BitTorrent protocol to illegally distribute plaintiff's motion picture); *Virgin Records America, Inc. v. Bagan*, 2009 WL 2170153, at *3 (D.N.J. 2009) (holding that "using P2P network software to download copyrighted recordings and distribute them over the network without permission of the copyright holder constitutes copyright infringement"); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (downloading copyrighted works through peer-to-peer networks is not fair use).

17. By downloading the Works and reproducing, distributing, displaying or performing it using the BitTorrent protocol, Defendant has infringed Plaintiffs' copyright on these Works. *See* 17 U.S.C. § 106. Based upon these admitted allegations, Plaintiff has established grounds to impose liability on Defendant for direct copyright infringement. As such, Plaintiff's substantive claim is meritorious, and Plaintiff's complaint is sufficient.

18. This default is applicable to Defendant, Masroor Hasan. Masroor Hasan is the only Defendant in the instant case. Accordingly, the Court may appropriately order a default judgment on the issue of damages which will result in the resolution of this entire case.

19. Plaintiff hereby elects to recover statutory damages against Defendant as provided by 17 U.S.C. § 504. Section 504(a) of the Copyright Act provides that "an infringer of copyright

is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). For unintentional infringement, 17 U.S.C. § 504(c) provides that "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). This is not unintentional infringement, however, and pursuant to 17 U.S.C. § 504(c)(2), the Court upon a finding of willful infringement may "increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Here, Plaintiff pled that Defendant's infringement was committed willfully. *See* Exhibit C. Therefore, a statutory damage award up to $150,000 would be appropriate.

20.   Here, Plaintiff only seeks an award of $750 for each of the 40 works infringed which was registered at the time of filing of this case, for a total of $30,000.00 in statutory damages. Because Plaintiff seeks only statutory damages within the range requested in the Complaint and the amount selected is the minimum statutory amount for each registered work infringed, no evidentiary hearing is necessary. *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (D.P.R. 2002) (no hearing necessary for determination of award of statutory damages); *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35, 37 (2d Cir. 1990) (same); *Fustock v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("While it is true . . . that the damages in this case were neither liquidated nor capable of mathematical calculation, it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."); *Sony Music Entm't Inc. v. Elias*, No. CV03-6387DT(RCX), 2004 WL 141959, at *4 (C.D. Cal. Jan. 20, 2004) ("Since Plaintiffs seek only minimum statutory damages which are ascertainable from the Complaint, no evidentiary hearing is necessary."); *Interscope Records v. Owusu*, No. 5:05CV0102, 2007 WL 2343676, at *1 (N.D.N.Y. Aug. 13, 2007) ("I find that, since Plaintiffs seek only minimum statutory damages,

no evidentiary hearing is required, and I recommend that their request for statutory damages be granted.").

21. In addition to seeking a total statutory damages award of $30,000.00, Plaintiff also seeks to recover its costs incurred in this case in the total amount of $400.00, (the statutory filing fee).

22. Plaintiff agrees to waive their reasonable attorneys' and paralegals' fees for prosecuting this case.

23. Plaintiff also agrees to waive pre-judgment interest.

WHEREFORE, Plaintiff, Strike 3 Holdings, LLC, respectfully requests that default judgment be entered in favor of Plaintiff and against Defendant, Masroor Hasan, in the form of the Proposed Default Judgment attached hereto, and for such other and further relief this Court deems just and proper.

Dated: March 16, 2021                           Respectfully submitted,

                                                By: /s/ Jacqueline M. James
                                                Jacqueline M. James, Esq. (1845)
                                                The James Law Firm, PLLC
                                                445 Hamilton Avenue, Suite 1102
                                                White Plains, New York 10601
                                                T: 914-358-6423
                                                F: 914-358-6424
                                                E-mail: jjames@jacquelinejameslaw.com
                                                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of March, 2021, a true and correct copy of the foregoing Motion for Default Judgment and all attachments thereto were served via UPS overnight delivery upon the following:

Masroor Hasan
46 Stuart Drive
Syosset, NY 11791

                                                                    By: */s/ Jacqueline M. James*
                                                                     Jacqueline M. James